**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
STAFORD CAMPBELL, JAMES TANUI    )
KIPTANUI, JERMAINE ROBINSON,     )
CARLOS SILVA, and ANNA SMORODSKA,)
                                 )
        Petitioners,             )
                                 )        Civil Action
        v.                       )        20-10697-PBS
                                 )
ANTONE MONIZ, Superintendent,    )
Plymouth County Correctional     )
Facility and                     )
CHRISTOPHER BRACKETT,            )
Superintendent, Strafford County )
House of Corrections,            )
                                 )
        Respondents.             )
```

**ORDER TO SEVER AND TRANSFER**

**April 9, 2020**

Saris, D.J.

Petitioner Anna Smorodska is being detained at the Strafford County House of Corrections, in Dover, New Hampshire. The proper respondent as to Smorodska's habeas corpus petition is Christopher Brackett. See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (immediate custodian of petitioner is proper respondent in habeas action); Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) (same, as applied to immigration detainee). This Court has no jurisdiction over that respondent. See Padilla, 542 U.S. at 443. When a district court lacks jurisdiction, it may,

in the interest of justice, order the case to be transferred to another court that would have jurisdiction. 28 U.S.C. § 1631.

In the interest of justice, the Court **SEVERS** Smorodska's petition from the 20-10697-PBS habeas corpus action and **TRANSFERS** her petition for habeas corpus to the United States District Court for the District of New Hampshire. The Court orders that the Petitioner not be removed from New Hampshire until the court in New Hampshire has a reasonable opportunity to rule on the petition.

Unless otherwise ordered by the District of New Hampshire, Respondent shall, by Tuesday, April 14, 2020 at 5 pm, inform the Court whether it opposes the release of Petitioner on bail pending the Court's review of the merits of Petitioner's Reid petition pursuant to the Court's inherent authority to release a habeas petitioner in the case of "a health emergency." See Woodcock v. Donnelly, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam); Mapp v. Reno, 241 F.3d 221, 223 (2d Cir. 2001). If Respondent opposes bail, Respondent shall provide its grounds including if the Petitioner has a violent criminal record and if the Respondent disputes that the Petitioner has a preexisting medical condition that renders her particularly vulnerable to the COVID-19 virus.

Unless otherwise ordered by the District of New Hampshire, Respondent shall, within 7 days of the entry of this Order, file

an answer or other responsive pleading. Petitioner shall file a reply brief within 7 days of the filing of Respondent's brief.

SO ORDERED.

                                      /s/ PATTI B. SARIS
                                      Patti B. Saris
                                      United States District Judge