**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

STAFORD CAMPBELL, JAMES TANUI    )
KIPTANUI, JERMAINE ROBINSON,     )
and CARLOS SILVA,                )
                              )
       Petitioners,         )
                              )      Civil Action
       v.                  )      20-10697-PBS
                              )
ANTONE MONIZ, Superintendent,   )
Plymouth County Correctional    )
Facility,                 )
                              )
       Respondent.         )

**MEMORANDUM AND ORDER**

April 23, 2020

Saris, D.J.

**INTRODUCTION**

Petitioner James Tanui Kiptanui[1] brings this habeas petition seeking relief pursuant to the Court's declaratory judgment in Reid v. Donelan, 390 F. Supp. 3d 201 (D. Mass. 2019) ("Reid"). Petitioner argues that his mandatory detention under 8 U.S.C. § 1226(c) has become unreasonably prolonged and that he is entitled to a bond hearing before an immigration judge.

For the reasons stated below, the Court hereby **ALLOWS** the petition (Docket No. 1) as to Petitioner James Tanui Kiptanui and **ORDERS** that Kiptanui receive, within seven calendar days, a

---

[1] Three other petitioners are also named in this habeas corpus petition. This Order pertains only to Kiptanui's claims.

1

bond hearing that complies with the requirements of the permanent injunction in Reid.

## LEGAL STANDARDS

Under 8 U.S.C. § 1226(c), the Government "shall take into custody" any noncitizen who is inadmissible or deportable based on a conviction for "certain crimes of moral turpitude, controlled substance offenses, aggravated felonies, firearm offenses, or acts associated with terrorism." Reid, 390 F. Supp. 3d at 213 (quoting 8 U.S.C. § 1226(c)(1); Gordon v. Lynch, 842 F.3d 66, 67 n.1 (1st Cir. 2016)). The statute does not allow for conditional release on bond, except in the limited circumstance of witness protection. See 8 U.S.C. § 1226(c)(2).

Nonetheless, "mandatory detention under § 1226(c) without a bond hearing violates due process when an alien's individual circumstances render the detention unreasonably prolonged in relation to its purpose in ensuring the removal of deportable criminal aliens." Reid, 390 F. Supp. 3d at 219.

In Reid v. Donelan, this Court certified a class of "[a]ll individuals who are or will be detained within the Commonwealth of Massachusetts or the State of New Hampshire pursuant to 8 U.S.C. § 1226(c) for over six months and have not been afforded an individualized bond or reasonableness hearing." No. 13-30125-PBS, 2018 WL 5269992, at *8 (D. Mass. Oct. 23, 2018). Pursuant to this Court's subsequent declaratory judgment, any member of

the <u>Reid</u> class may "bring a habeas petition in federal court to challenge his detention as unreasonably prolonged." <u>Reid</u>, 390 F. Supp. 3d at 227.

The reasonableness of a petitioner's continued detention without a bond hearing under § 1226(c) must be analyzed on a case-by-case basis. <u>See id.</u> at 219. The following nonexclusive factors are relevant in determining the reasonableness of continued mandatory detention:

> [T]he total length of the detention; the foreseeability of proceedings concluding in the near future (or the likely duration of future detention); the period of the detention compared to the criminal sentence; the promptness (or delay) of the immigration authorities or the detainee; and the likelihood that the proceedings will culminate in a final removal order.

<u>Id.</u> (citation omitted).

Of these factors, the length of the petitioner's detention is "the most important." <u>Id.</u> Mandatory detention is "likely to be unreasonable if it lasts for more than one year during removal proceedings before the agency, excluding any delays due to the alien's dilatory tactics." <u>Id.</u> Detention of less than one year may be unreasonable "if the Government unreasonably delays or the case languishes on a docket." <u>Id.</u> at 220.

If a petitioner's mandatory detention has been unreasonably prolonged, the petitioner "is entitled to a bond hearing before an immigration judge." <u>Id.</u> At that hearing,

[T]he Government [must] prove that the alien is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence. The immigration court may not impose excessive bail, must evaluate the alien's ability to pay in setting bond, and must consider alternative conditions of release such as GPS monitoring that reasonably assure the safety of the community and the alien's future appearances.

Id. at 228.

**FACTS**

### I.   Legal Status and Criminal History

Petitioner is a citizen of Kenya. He entered the United States in 2004 at age eighteen with his immediate family. He was granted asylum based on the political persecution of his father in Kenya.

In 2011, Petitioner was charged with aggravated burglary, but that charge was dismissed. That year, he was also charged with grand theft auto and assault in connection with an assault on his then-wife. He was convicted on both charges in 2012 and sentenced to five years of probation. Two days later, he violated his probation and was sentenced to twelve months incarceration. He was released on good behavior after serving five months.

Petitioner was convicted of operating under the influence in 2015. He was charged in 2016 with assault but the charges were dismissed. He was again charged with assault in 2017 and was convicted. He was given a suspended sentence of two years'

incarceration. Finally, in March 2018, Petitioner was charged
with assault with the intent to rape, unarmed robbery,
strangulation/suffocation, breaking and entering in the daytime
with the intent to commit a felony, assault and battery on a
family/household member, and assault and battery with a
dangerous weapon. These charges were dismissed.

## II.  <u>Immigration Detention and Proceedings</u>

Petitioner has been held in immigration detention since
February 28 or March 1, 2019. Petitioner's initial hearing was
scheduled for March 25, 2019. The immigration judge (IJ) reset
the case until April 1, 2019, to allow Petitioner to obtain
counsel. The case was then reset for April 15, 2020 and again
for April 22, 2020, both times to allow Petitioner more time to
seek counsel.

On April 22, 2019, Petitioner appeared with an attorney. At
that hearing, the IJ found Petitioner removable based on his
criminal history but reset the case to allow Petitioner to file
applications for relief from removal and to seek bond under the
then-effective ruling in <u>Gordon v. Johnson</u>, 300 F.R.D. 31 (D.
Mass. 2014). No bond application was filed so no bond hearing
was ever held.

On May 23, 2019, the IJ conducted a merits hearing on
Petitioner's applications for relief from removal and then reset
the case for further argument on June 6, 2019. The IJ was unable

to hold the June 6, 2019 hearing "due to scheduling conflicts" and reset the hearing for August 1, 2019. Dkt. No. 23-1 ¶ 26. Further hearings with testimony and argument on Petitioner's applications for relief from removal were held on August 1, September 18, September 30, and October 30, 2019. On October 30, 2019, the IJ took the applications under advisement. On December 9, 2019, the IJ convened a hearing to inform the parties that further briefing was required on Petitioner's application.

On January 22, 2020, the IJ issued a written decision denying Petitioner's five applications for relief from removal, including under the Convention Against Torture, based on Petitioner's criminal record, which the IJ described as "inherently violent and dangerous." The IJ made an adverse credibility determination as to Petitioner's testimony about his criminal history.

Petitioner appealed the IJ's decision on February 24, 2020. The BIA has not issued a briefing schedule. On April 10, 2020, ICE filed a motion expedite the BIA's consideration of Petitioner's appeal.

## DISCUSSION

Petitioner argues he is entitled to a bond hearing before an immigration judge because his mandatory detention is "unreasonably prolonged in relation to its purpose in ensuring

the removal of deportable criminal aliens." <u>Reid</u>, 390 F. Supp. 3d at 219.

## I.  **Length of Detention**

The length of a petitioner's mandatory detention is "the most important factor" in determining its reasonableness. <u>Id.</u> Detention of over a year is "likely to be unreasonable," but "[p]eriods of detention directly attributable to an alien's dilatory tactics should not count in determining whether detention has exceeded the one-year mark." <u>Id.</u> at 219-20. The Court begins by determining whether Petitioner's detention has exceeded the one-year mark.

Here, Petitioner has been detained almost fourteen months, well over one year. The length of his detention is not due to "dilatory tactics" on Petitioner's part. While the case was reset for short periods of time to allow Petitioner to obtain counsel and for his attorney to prepare his applications for relief, most of the Petitioner's detention was spent actively litigating his applications for relief from removal. Five merits hearings involving testimony and argument were held between May and October 2019, including a two-month delay due to "scheduling conflicts" from June 6 until August 1, 2019. Dkt. 23-1 ¶ 26.

Although the Court can make no assessment of the merits of Petitioner's applications for relief, the number of hearings and the additional briefing requested by the IJ suggest that

Petitioner's case raises difficult or close questions. Under these circumstances, the Court does not consider Petitioner's appeal to the BIA to be a "dilatory tactic."

Petitioner's detention has passed the one-year mark and he has not engaged in dilatory tactics, making it "likely" that his continued detention without a bond hearing is unreasonable. Id. at 219.

## II.  **Other Relevant Factors**

In assessing the reasonableness of Petitioner's mandatory detention without a bond hearing, the Court also considers "[1] the foreseeability of proceedings concluding in the near future (or the likely duration of future detention); [2] the period of the detention compared to the criminal sentence; . . . and [3] the likelihood that the proceedings will culminate in a final removal order." Reid, 390 F. Supp. 3d at 219 (numbering added).

Here, Petitioner's appeal was lodged with the BIA in February 2020 and the BIA has not yet set a briefing schedule. Although ICE recently filed a motion to expedite the appeal, the Court has no knowledge that the motion was granted. Therefore, it is not likely that proceedings will conclude in the near future. Furthermore, Petitioner's immigration detention of fourteen months far exceeds the five months he served on his 2011 criminal conviction. Neither party has entered the IJ's merits opinion into the record so the Court cannot predict

Petitioner's likelihood of success on his appeal to the BIA regarding his claims for relief from removal, including under the Convention Against Torture. But given the additional factors that weigh strongly in Petitioner's favor, the Court concludes that Petitioner's mandatory detention without a bond hearing has become unreasonably prolonged.

The Reid analysis does not consider whether a petitioner is likely to be successful in his application for bond. The IJ here reasonably described Petitioner's criminal history as "inherently violent and dangerous," Dkt. 23-1 ¶ 30, and "an immigration judge is under no obligation to release a criminal alien deemed to be dangerous or a risk of flight under the [proper] burden and standard of proof." Reid, 390 F. Supp. 3d at 220. It will be up to an immigration judge to determine whether any conditions of release can "reasonably assure the safety of the community" considering Petitioner's violent criminal history. Id. at 225. If Petitioner is denied bond, he may move to reopen this petition to allow the Court to consider his due process claims related to the current COVID-19 pandemic.

## CONCLUSION

Petitioner's mandatory detention under 8 U.S.C. § 1226(c) has been unreasonably prolonged and Petitioner is therefore entitled to a bond hearing before an immigration judge. The petition for a writ of habeas corpus [Docket No. 1] is

9

accordingly **ALLOWED** as to Petitioner Kiptanui. The Court **ORDERS** that Kiptanui receive, within seven calendar days, a bond hearing that complies with the requirements of the permanent injunction in Reid v. Donelan, 390 F. Supp. 3d 201, 228 (D. Mass. 2019).

SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
United States District Judge