## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STAFORD CAMPBELL, JAMES TANUI KIPTANUI, JERMAINE ROBINSON, and CARLOS SILVA, | ) ) ) | |
| | ) | |
|       Petitioners, | ) | |
| | ) | Civil Action |
|       v. | ) | 20-10697-PBS |
| | ) | |
| ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, | ) ) ) | |
| | ) | |
|       Respondent. | ) | |

## MEMORANDUM AND ORDER

May 5, 2020

Saris, D.J.

## INTRODUCTION

Petitioners Staford Campbell, Jermaine Robinson, and Carlos Silva[1] bring this habeas petition seeking relief pursuant to the Court's declaratory judgment in Reid v. Donelan, 390 F. Supp. 3d 201 (D. Mass. 2019) ("Reid"). Petitioners argue that their mandatory detention under 8 U.S.C. § 1226(c) has become unreasonably prolonged and that they are each entitled to a bond hearing before an immigration judge.

---

[1] All future petitions for relief under Reid should be filed as individual habeas actions. See Reid v. Donelan, 390 F. Supp. 3d 201, 221–22 (D. Mass. 2019) ("An individual criminal alien [must bring] an individual habeas petition if he believes his detention has become unreasonably prolonged.")

For the reasons stated below, the Court hereby **DENIES** the petition (Docket No. 1) as to Petitioners Staford Campbell, Jermaine Robinson, and Carlos Silva without prejudice.

## LEGAL STANDARDS

Under 8 U.S.C. § 1226(c), the Government "shall take into custody" any noncitizen who is inadmissible or deportable based on a conviction for "certain crimes of moral turpitude, controlled substance offenses, aggravated felonies, firearm offenses, or acts associated with terrorism." Reid, 390 F. Supp. 3d at 213 (quoting 8 U.S.C. § 1226(c)(1); Gordon v. Lynch, 842 F.3d 66, 67 n.1 (1st Cir. 2016)). The statute does not allow for conditional release on bond, except in the limited circumstance of witness protection. See 8 U.S.C. § 1226(c)(2).

Nonetheless, "mandatory detention under § 1226(c) without a bond hearing violates due process when an alien's individual circumstances render the detention unreasonably prolonged in relation to its purpose in ensuring the removal of deportable criminal aliens." Reid, 390 F. Supp. 3d at 219.

In Reid v. Donelan, this Court certified a class of "[a]ll individuals who are or will be detained within the Commonwealth of Massachusetts or the State of New Hampshire pursuant to 8 U.S.C. § 1226(c) for over six months and have not been afforded an individualized bond or reasonableness hearing." No. 13-30125-PBS, 2018 WL 5269992, at *8 (D. Mass. Oct. 23, 2018). Pursuant

2

to this Court's subsequent declaratory judgment, any member of
the Reid class may "bring a habeas petition in federal court to
challenge his detention as unreasonably prolonged." Reid, 390 F.
Supp. 3d at 227.

The reasonableness of a petitioner's continued detention
without a bond hearing under § 1226(c) must be analyzed on a
case-by-case basis. See id. at 219. The following nonexclusive
factors are relevant in determining the reasonableness of
continued mandatory detention:

> [T]he total length of the detention; the foreseeability of
> proceedings concluding in the near future (or the likely
> duration of future detention); the period of the detention
> compared to the criminal sentence; the promptness (or
> delay) of the immigration authorities or the detainee; and
> the likelihood that the proceedings will culminate in a
> final removal order.

Id. (citation omitted).

Of these factors, the length of the petitioner's detention
is "the most important." Id. Mandatory detention is "likely to
be unreasonable if it lasts for more than one year during
removal proceedings before the agency, excluding any delays due
to the alien's dilatory tactics." Id. Detention of less than one
year may be unreasonable "if the Government unreasonably delays
or the case languishes on a docket." Id. at 220.

If a petitioner's mandatory detention has been unreasonably
prolonged, the petitioner "is entitled to a bond hearing before
an immigration judge." Id. At that hearing,

3

> [T]he Government [must] prove that the alien is either
> dangerous by clear and convincing evidence or a risk of
> flight by a preponderance of the evidence. The immigration
> court may not impose excessive bail, must evaluate the
> alien's ability to pay in setting bond, and must consider
> alternative conditions of release such as GPS monitoring
> that reasonably assure the safety of the community and the
> alien's future appearances.

Id. at 228.

## FACTS

### I.   Staford Campbell

Petitioner Campbell is a citizen of Jamaica. He entered the United States in 2007 on a work visa and became a permanent resident in 2009.

#### A. Criminal History

Between 2009 to 2018, Campbell was arraigned on criminal charges on eighty-one occasions, although many of the charges were subsequently dismissed. The dismissed charges include numerous assaults, including with a deadly weapon, as well intimidation and operating under the influence. Campbell also has been the subject of three restraining orders.

Several criminal charges led to convictions. On July 6, 2015, Campbell was charged with thirteen counts each of forgery, larceny, uttering a false check, and identity fraud. He pled guilty to four counts of forgery and four counts of uttering, for which he was sentenced to probation. He pled guilty to one count of larceny, for which he received a one-year suspended

sentence. All other charges were dismissed. On October 5, 2018, Campbell was convicted of violating probation on the forgery and uttering charges. The order of probation for these charges was cancelled and he was sentenced to serve six months of imprisonment.

On February 10, 2017, Campbell was charged with assault and battery and shoplifting. He was convicted of both offenses on March 9, 2017 and received probation. On August 29, 2018, his probation for the assault and battery offense was cancelled and he was sentenced to serve six months of imprisonment.

On May 30, 2017, Campbell was charged with assault and battery on a household member, witness intimidation, assault with a dangerous weapon, and strangulation/suffocation. He was convicted on August 29, 2017 on the charge of assault and battery on a household member. He was sentenced to a one-year suspended sentence with 91 days of time served in pre-trial detention. After violating his probation on that charge, he was sentenced to imprisonment for a term of one year.

Campbell served a total of nine months' incarceration for his criminal convictions.

### B. Immigration Proceedings

ICE arrested Campbell on June 6, 2019 and he has been subject to mandatory detention since that date.

Campbell had an initial hearing on July 16, 2019. The immigration judge ("IJ") reset the case to July 25, 2019, to allow Campbell time to obtain an attorney. Campbell ultimately proceeded pro se through the entirety of his immigration proceedings. On July 25, 2019, Campbell appeared before the IJ and admitted to the criminal charges contained in his Notice to Appear. On August 14, 2019, Campbell appeared again and filed an application for Cancellation of Removal. The IJ set a merits hearing for September 23, 2019.

On September 23, 2019, the IJ heard testimony in support of Campbell's application for relief from removal. At the end, the IJ reset the case to allow Campbell to file additional documents. On October 15, 2019, the IJ heard further testimony and indicated that it was not inclined to grant cancellation of removal due to Campbell's extensive criminal history. Campbell requested additional time to apply for another form of relief from removal. The IJ indicated that if Campbell failed to complete that application by the next hearing, it would likely deem the application abandoned and order his removal to Jamaica.

When Campbell appeared on October 30, 2019, he again requested additional time to complete his application. The IJ found Campbell lacked good cause for another extension of time but allowed him to make further argument at that hearing. At the end of the hearing, the IJ denied all of Campbell's applications

for relief from removal and ordered him removed to Jamaica. The IJ's discretionary denial of relief was based on the "pattern of violence" against multiple female victims in Campbell's criminal record. Dkt. No. 29-1 ¶ 46.

Campbell filed an appeal with the Board of Immigration Appeals ("BIA") on November 12, 2019. On April 10, 2020, the BIA dismissed Campbell's appeal without opinion. Campbell filed a petition for review with the First Circuit on April 24, 2020. An administrative stay of removal is in place pending Campbell's motion to stay his removal during his appeal.[2]

## II.  **Jermaine Robinson**

Petitioner Robinson entered the United States in 1994 when he was eleven years old as a lawful permanent resident.

### A. Criminal Record

In addition to several charges on which he was not convicted, Robinson's criminal record consists of a number of convictions from 2000 until 2018. Robinson was convicted in 2000 of assault and battery with a dangerous weapon. He was convicted in 2001 of indecent assault and battery and sentenced to probation. In 2003, he was convicted for violation of a

---

[2] There is some ambiguity whether a Petitioner with an administrative stay of a final order of removal is detained under 8 U.S.C. § 1226 or 8 U.S.C. § 1231. If Campbell is detained under § 1231, he is not a member of the Reid class. Because the Court denies Campbell's petition on the merits, it need not resolve the issue here.

restraining order and sentenced to probation. Robinson was convicted in 2004 for malicious destruction of property and possession of burglarious tools. Although Robinson violated the terms of his probation, he does not appear to have served any time incarcerated for these convictions or probation violations.

Robinson was also convicted four times in 2004 and 2005 of operating a motor vehicle after a suspended license. He was convicted in 2007 of operating a motor vehicle after a suspended license and leaving the scene, for which he was sentenced to six months, suspended. In 2009, he was convicted of operating a motor vehicle with a revoked license and sentenced to a six-month term of incarceration.[3]

On February 26, 2018, Robinson was convicted of possession to distribute class B controlled substance, control substance offense in a school zone, and possession to distribute class A controlled substance. He received a sentence of two-and-a-half years, suspended, with six months incarceration. He served a total of four months imprisonment on this conviction before being released on parole. Robinson is currently seeking to vacate the 2018 conviction based on his attorney's failure to

---

[3] Petitioner asserts he did not serve any term of incarceration prior to 2018. The Court need not resolve this factual dispute as it does not change the Court's substantive analysis.

notify him of the possible immigration consequences of his
guilty plea.

### B. Immigration Proceedings

Robinson was taken into ICE custody on July 2, 2019 and has
been detained ever since.

Robinson appeared with his attorney at an initial hearing
on July 30, 2019 and requested more time to prepare his case.
The IJ reset the case until August 19, 2019. However, Robinson's
attorney was unable to appear because of a car accident, so the
case was again reset until August 27, 2019. At that hearing,
Robinson's attorney requested more time and the case was again
reset.

Robinson filed applications for relief from removal on
September 12, 2019 and a final merits hearing was scheduled for
November 26, 2019. His hearing was reset to December 18, 2019
due to the IJ's absence on November 26. On December 18, 2019,
the IJ did not reach Robinson's case due to a congested court
docket and because Robinson's attorney was not present, so the
case was reset to January 23, 2020.

On January 23, 2020, Robinson and his attorney appeared for
his scheduled hearing on his application for protection from
removal. However, after consulting with his attorney, Robinson
withdrew his application for protection from removal. Therefore,

the IJ ordered him removed from the United States. Robinson waived his right to appeal the removal order.

Robinson filed a <u>pro se</u> notice of appeal with the BIA on February 21, 2020 challenging his removability based on a claim for derivative citizenship. A few days later, the BIA rejected the appeal for failure to include the required fee. Robinson refiled his appeal on March 6, 2020 with a fee waiver request. On April 10, 2020 and April 22, 2020, respectively, ICE filed a motion to dismiss and a motion to expedite the BIA proceedings on the ground that Robinson's appeal was both waived and untimely. Robinson's appeal remains pending.

## III. **Carlos Silva**

Petitioner Silva is a citizen of Cape Verde. He entered the United States in 1989 when he was six years old as a lawful permanent resident.

### A. **Criminal History**

Silva's criminal history includes a number of dismissed or nolle prossed charges from 2000 to 2003, including unarmed robbery, possession of burglary tools, larceny of a motor vehicle, and assault and battery with a dangerous weapon.

Silva also has several convictions. He was convicted of knowingly receiving stolen property in June 2003 but the record does not reflect the sentence he received. He was convicted in December 2004 of breaking and entering in the nighttime with

intent to commit a felony and received probation. On September
25, 2017, Silva pled guilty to accessory after the fact to
murder based on events that occurred in 2003 and was sentenced
to four-to-five years' imprisonment. He served 21 months of that
sentence, in addition to an unspecified amount of time served in
pretrial detention.

### B. Immigration Proceedings

Silva was taken into ICE custody upon his release from his
state sentence on July 1, 2019. His immigration proceedings had
begun while he was in state custody and he had already filed an
application for asylum, withholding of removal and relief under
the Convention Against Torture. Silva's initial detained hearing
was scheduled for August 6, 2019. The IJ was not present on that
date and so the case was reset to August 13, 2019 for a final
hearing on Silva's claim for protection from removal. On August
13, 2019, Silva requested a continuance due to a scheduling
conflict on the part of his attorney so the case was reset for
August 26, 2019.

On August 26, 2019, Silva's hearing began before the IJ and
the IJ heard testimony from Silva. At the end of the hearing,
the case was reset for further testimony on September 11, 2019.
On that date, the ICE attorney who represented the Government
was unexpectedly out of the office, so the IJ reset the case to
October 2, 2019. The case was again reset to October 16, 2019

because of the absence of the assigned ICE attorney, Silva's request for an interpreter for witness testimony, and the lack of time for the immigration court to hear the matter.

On October 16, 2019, testimony was completed and closing arguments were made. The IJ issued a written decision denying Silva's claims for protection from removal on December 11, 2019. The IJ determined that Silva was ineligible for most forms of relief due to his criminal history. The IJ further found Silva had not met his burden of proof on the discretionary form of relief for which he remained eligible.

Silva filed a notice of appeal to the BIA on January 2, 2020. His appeal brief was filed on March 27, 2020 and the appeal remains pending. On April 10, 2020, ICE filed a motion to expedite with the BIA.

## DISCUSSION

Petitioners argue they are entitled to bond hearings because their mandatory detention is "unreasonably prolonged in relation to its purpose in ensuring the removal of deportable criminal aliens." Reid, 390 F. Supp. 3d at 219.

### I.  Length of Detention

The length of a petitioner's mandatory detention is "the most important factor" in determining its reasonableness. Id. Detention of over a year is "likely to be unreasonable," but "[p]eriods of detention directly attributable to an alien's

12

dilatory tactics should not count in determining whether detention has exceeded the one-year mark." Id. at 219-20. The Court begins by determining whether the Petitioners' detention has exceeded the one-year mark.

Here, Campbell has been detained since June 6, 2019, Robinson since July 2, 2019, and Silva since July 1, 2019. Their detention falls below the one-year mark. Detention under a year may still be unreasonable "if the Government unreasonably delays or the case languishes on a docket," id. at 220, but there is no presumption of unreasonableness as to any of these Petitioners.

## II.   **Other Relevant Factors**

In assessing the reasonableness of a petitioner's mandatory detention, the Court also considers "[1] the foreseeability of proceedings concluding in the near future (or the likely duration of future detention); [2] the period of the detention compared to the criminal sentence; . . . and [3] the likelihood that the proceedings will culminate in a final removal order." Reid, 390 F. Supp. 3d at 219 (numbering added). The Court considers these factors as applied to each Petitioner in turn.

### A. Staford Campbell

Campbell's continued detention without a bond hearing is not unreasonable at this time. He has been detained for eleven months, but much of the delay in his case was at his own request. In addition, his proceedings are at the late -- and

13

potentially final -- stage of appellate court review. The BIA
dismissed Campbell's appeal without an opinion, so the Court
cannot determine the strength of Campbell's pending appeal
before the First Circuit. However, the Court notes that the IJ's
decision was a discretionary denial of relief based on the
"pattern of violence" in Campbell's criminal history and
followed three hearings with testimony and argument. In
addition, while Campbell's eleven months in immigration
detention now exceed the nine months he served on his criminal
sentences, the two periods of detention are not so grossly out
of proportion as to outweigh the other relevant factors.

**B. Jermaine Robinson**

Robinson's continued detention without a bond hearing is
not unreasonable at this time. He has been detained for just
over ten months. Although at least two of those months were a
result of the immigration judge's absence or congested docket,
the case is now moving toward resolution. Robinson currently has
an appeal pending before the BIA, filed on March 6, 2020. Given
the Government's pending motion to dismiss based on waiver or
timeliness, the case may be resolved in the near future in the
Government's favor. The four months Robinson served on his
criminal sentence as compared to the ten months he has spent in
immigration detention weighs in his favor but is not so grossly
disproportionate as to outweigh the other factors at this time.

### C. Carlos Silva

Silva's continued detention without a bond hearing is not unreasonable at this time. He has been detained for just over ten months. Although approximately one month of this time was a delay caused by the unavailability of either the IJ or ICE's assigned attorney, the case has since moved forward without languishing on a docket. The IJ denied Silva's multiple applications for relief on both eligibility and discretionary grounds. Briefing is underway in Silva's appeal to the BIA, filed on January 2, 2020. Finally, Silva spent more than 21 months incarcerated on his criminal sentence, as compared to 10 months in immigration detention.

### III. <u>COVID-19</u>

Petitioners also argue that the current COVID-19 pandemic renders their detention unreasonable under <u>Reid</u>. Only one of the petitioners (Robinson) has presented evidence of a factor which puts him at increased risk of COVID-19 (obesity and sleep apnea). While the Court may weigh the impact of COVID-19 in deciding whether the proceedings are unreasonably prolonged under the Due Process clause, the majority of the <u>Reid</u> analysis weighs against Mr. Robinson. With respect to Petitioners who have been detained over a year, <u>Reid</u>'s presumption of unreasonableness has particular weight in light of current public health crisis.

**ORDER**

Petitioners' mandatory detention under 8 U.S.C. § 1226(c) has not been unreasonably prolonged at this time. The petition for a writ of habeas corpus (Docket No. 1) is accordingly **DENIED** as to Staford Campbell, Jermaine Robinson, and Carlos Silva without prejudice to refiling should Petitioners' detention become unreasonably prolonged.

SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
United States District Judge